UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-134-FDW

| | |
|---|---|
| KARL L. COVINGTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| FNU DUNCAN, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on periodic status review, and on Plaintiff's Motion for an Order Compelling Discovery (Doc. No. 19).

*Pro se* Plaintiff Karl L. Covington, Jr., filed this action pursuant to 42 U.S.C § 1983 on June 13, 2016. (Doc. No. 1). The Amended Complaint, (Doc. No. 12), passed initial review on claims that several employees of the Alexander Correctional Institution exercised excessive force against him on January 5, 2016, while he was being escorted to a restrictive housing unit. See (Doc. No. 20). Plaintiff was instructed to prepare summonses and submit them to the Clerk of Court for service of process on the Defendants. Summons forms for service of process on Defendants were issued electronically on December 6, 2017, (Doc. No. 16), and were returned executed on December 27, 2017, on all Defendants except Sergeant Robert Murray, whose summons was returned unexecuted on December 14, 2017. (Doc. No. 20). The "remarks" section of the unexecuted summons states "12-12-17 Spoke to the Captain on duty at the prison – Captain Hester. He stated that there has never been a Robert Murray that worked at the prison. Named person unable to be served or located." (Doc. No. 1 at 1).

The Court will allow Plaintiff to seek limited discovery from the North Carolina Attorney

1

General for the sole purpose of seeking information as to whether a correctional officer with the last name of Murray was employed at Alexander Correctional Institution at the time of the alleged excessive force incident giving rise to this action. Plaintiff shall, therefore, have the right to submit a discovery request on the North Carolina Attorney General, seeking information regarding the existence and name of Defendant Murray. If Plaintiff does not seek such discovery within 30 days of this Order, the Court will likely dismiss the action against Defendant Murray based on Plaintiff's failure to prosecute this action against him.

Plaintiff has filed a Motion for an Order Compelling Discovery seeking a copy of the prison doctor's use of force statement on the examination, treatment, and summary conclusion regarding Plaintiff's injury following the January 5, 2016, incident. (Doc. No. 19). He has apparently been refused a copy of the report due to HIPPA concerns. See (Doc. No. 19 at 2). Plaintiff has been granted limited discovery to attempt to identify Defendant Murray. All other discovery requests are premature, as service of process is underway, no Defendant has yet filed an answer, and no scheduling order has been entered. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); Local Rule 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."). Moreover, routine discovery requests should not be filed with the Court. See Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). The motion to compel discovery is therefore denied.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion for an Order Compelling Discovery, (Doc. No. 19), is **DENIED**.

2. Limited discovery for the purpose of identifying and serving Defendant Murray is granted as set forth in this Order. Plaintiff is cautioned that failure to timely comply with this Order will likely result in Defendant Murray's dismissal from the case.

3. The Clerk is respectfully instructed to mail a copy of this Order to the North Carolina Attorney General.

**IT IS SO ORDERED**.

Signed: January 3, 2018

Frank D. Whitney
Chief United States District Judge