UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-134-FDW

| | |
|---|---|
| KARL L. COVINGTON, JR., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU DUNCAN, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Declaration for Entry of Default," (Doc. No. 31), "Motion for an Order Compelling Discovery in Opposition to Defendants' Affirmative Answers," (Doc. No. 32), and Motion for the Appointment of Counsel, (Doc. No. 33), as well as on periodic status review of the docket.

*Pro se* Plaintiff Karl Covington, Jr., filed this action pursuant to 42 U.S.C § 1983, alleging that several employees of the Alexander Correctional Institution exercised excessive force against him on January 5, 2016. In particular, he alleges that a "Sgt Murray" was one of the officers escorting him to restrictive housing (lower red unit) on that day. (Doc. No. 12 at 1, 3, 6). The Amended Complaint passed initial review against Defendants Duncan, Maynor, Murry, and Campo. (Doc. No. 15). Service was returned executed as to all of the Defendants except for Defendant Murray. The summons' "remarks" section states "12-12-17 – Spoke to Captain on duty at the prison – Captain Hester. He stated that there has never been a Robert Murray that worked at the prison. Named person unable to be served or located." (Doc. No. 20 at 1).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action

1

subject to dismissal. However, if an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant "Sgt. Murray." If the U.S. Marshal obtains the home addresses for the Defendant, the addresses may be redacted from the summons forms for security purposes following service on this Defendant.

In his "Declaration for Entry of Default," (Doc. No. 31), Plaintiff claims that default judgment should be entered against all Defendants because they failed to timely file an answer. Defendants Maynor, Duncan, and Campo, timely filed an Answer on January 9, 2018, and Defendant Murray has not yet been served. Therefore, the Motion seeking default judgment will be denied.

Plaintiff's Motion seeking discovery, (Doc. No. 32), is premature. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); Local Rule 26.1 ("Official Court-ordered and enforceable

discovery does not commence until issuance of the scheduling order."). Moreover, routine discovery requests should not be filed with the Court. See Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Therefore, Plaintiffs motion seeking discovery will be denied.

Finally, Plaintiff seeks the appointment of counsel, (Doc. No. 33). Plaintiff states that he is unable to afford counsel, his incarceration and segregation status which will greatly limit his ability to litigate, the issues in the case are complex and will require significant research and investigation, and Plaintiff has limited knowledge of the law.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

**IT IS THEREFORE ORDERED** that

1. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant "Sgt. Murray."

2. The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

3. Plaintiff's "Declaration for Entry of Default," (Doc. No. 31), is **DENIED**.

4. Plaintiff's "Motion for an Order Compelling Discovery in Opposition to Defendants' Affirmative Answers," (Doc. No. 32), is **DENIED**.

5. Plaintiff's Motion for the Appointment of Counsel, (Doc. No. 33), is **DENIED**.

Signed: March 2, 2018

Frank D. Whitney
Chief United States District Judge