UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-134-FDW

| | | |
|---|---|---|
| KARL L. COVINGTON, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU DUNCAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Letter that is construed as a Motion for Reconsideration, (Doc. No. 42), filed on May 4, 2018. Plaintiff appears to seek reconsideration of the February 6, 2017, and March 2, 2018, Orders denying his motions requesting the appointment of counsel, (Doc. Nos. 9, 34). He argues that he is unable to obtain counsel for himself due to his medical difficulties and prison conditions, and that his efforts to obtain his medical records have been fruitless. Plaintiffs' Motion for Reconsideration will be denied.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice. Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708. The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the

1

narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

As a preliminary matter, the Motion for Reconsideration is time-barred because Plaintiff filed it more than 28 days after the Orders at issue were docketed. Furthermore, the Plaintiff has not shown that a clear error of law has been made or that failure to grant the motion would result in manifest injustice. See Hill, 277 F.3d at 708. Moreover, his requests for assistance with discovery are premature as there is still an unserved Defendant and no scheduling order has yet been entered.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *pro se* Letter is construed as a Motion for Reconsideration, (Doc. No. 42), and is **DENIED**.

Signed: May 17, 2018

Frank D. Whitney
Chief United States District Judge