UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-134-FDW

| | | |
|---|---|---|
| KARL L. COVINGTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU DUNCAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* "Motion for Judgment by Default," (Doc. No. 54), "Motion for Order Compelling Discovery…," (Doc. No. 55), and "Motion for Appointment of Counsel…," (Doc. No. 56).

First, Plaintiff argues that a default judgment should be entered in his favor against Defendant Kyle E. Murray because he has not been served despite reasonable efforts to serve him for five months. Defendant Murray has not been served to date and thus had no obligation to file an Answer. Defendant Murray is not in default and accordingly Plaintiff's Motion for Judgment by Default will be denied.

Second, in his Motion to Compel, Plaintiff alleges that he requested from Defendants on August 22, 2018, "any and all documents by doctor Kalinski on the medical assessment screening and treatment describing the injury, treatment, and professional opinion of use of force on 1/5/16." (Doc. No. 55 at 1). On September 13, 2018, Defendants produced discovery but it did not include the requested statements of Dr. Kalinski, stating that there are no such documents. Plaintiff also seeks a report written by Dr. Kalinski "to contradict the defendant(s) assertion and/or scenario of the use of force." (Doc. No. 1 at 2). Defendants have filed a Response in opposition to the Motion

1

to Compel, admitting that Plaintiff issued discovery requests to Defendants, to which they responded on September 13, 2018. (Doc. No. 57). Defendants have set forth the discovery requests and responses *verbatim*. (Doc. No. 57 at 2). In a cover letter, Defendants explained to Plaintiff that "review of the records revealed no report from Dr. Kalinski other than the medication administration for the January 5, 2016 date. If additional records are provided by the Department of Public Safety, Defendants response will be supplemented." (Doc. No. 57 at 3). Defendants argue that the Motion to Compel should be denied because Plaintiff failed to comply with Rule 37 of the Federal Rules of Civil Procedure by failing to attempt to resolve the issue in good faith before filing the motion, and because Defendants reasonably responded to Plaintiff's discovery requests. Plaintiff filed a Reply in which he appears to argue that he was not obligated to confer with Defendants before filing his Motion to Compel because their discovery response was frivolous, and that he needs the assistance of counsel to aid him in understanding the applicable rules and pretrial order and case management plan. (Doc. No. 58). The Motion to Compel will be denied for the reasons set forth in Defendants' Response.

Third, in support of the Motion for Appointment of Counsel, Plaintiff states that he should be appointed counsel because prison policy prohibits him from possessing medical documents. (Doc. No. 56). There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). Although Plaintiff complains that prisoners are not allowed to possess medical records per prison policy, Defendants have provided such information to Plaintiff in response to his discovery requests. <u>See</u> (Doc. No. 57 at 2). Defendants explain that the discovery Plaintiff seeks does not exist. This case does not present exceptional circumstances

that justify appointment of counsel. Therefore, Plaintiff's Motion for Appointment of Counsel will be denied.

Finally, the Clerk of Court will be instructed to correct the record to reflect the Defendants' full and correct names.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's "Motion for Judgment by Default," (Doc. No. 54), is **DENIED.**

(2) Plaintiff's "Motion for Order Compelling Discovery…," (Doc. No. 55), is **DENIED.**

(3) Plaintiff's "Motion for Appointment of Counsel…," (Doc. No. 56), is **DENIED**.

(4) The Clerk of Court is instructed to substitute the parties' names as follows:

**Jeffrey Duncan** for "FNU Duncan"

**Timothy D. Maynor** for "FNU Maynor"

**Kyle E. Murray** for "FNU Murray"

**Mark E. Campo** for "FNU Campo"

Signed: November 20, 2018

Frank D. Whitney
Chief United States District Judge