UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-134-FDW

| KARL L. COVINGTON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JEFFREY DUNCAN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Discovery, (Doc. No. 62), Plaintiff's Motion to Extend the Discovery Deadline, (Doc. No. 65), and Defendants' Motion for Extension of Time to File Dispositive Motions, (Doc. No. 64).

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986). In deciding whether additional discovery is appropriate, courts have considered the following factors: whether trial is imminent; whether the request to reopen discovery is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent during the discovery period; the foreseeability of the request based on the time line set forth by the court; and the likelihood that the discovery will lead to relevant evidence. See Smith v. United States, 834 F.2d

1

166, 169 (10th Cir. 1987); Chester v. Adams Auto Wash, Inc., 2015 WL 9222893 at *2 (E.D.N.C. Dec. 17, 2015).

The Court entered a Pretrial Order and Case Management Plan on August 16, 2018, setting the discovery cutoff date of December 13, 2018, and the dispositive motion deadline as January 14, 2019. (Doc. No. 50). Plaintiff filed the instant Motion to Compel on December 21, 2018 and the Motion to Extend the Discovery Deadline on December 27, 2018, after the discovery deadline expired. (Doc. No. 62-1); (Doc. No. 65 at 5). Plaintiff essentially seek to reopen discovery. However, he has failed to demonstrate good cause for doing so or due diligence. Moreover, Defendants have demonstrated that they have satisfied their discovery obligations. See (Doc. No. 63); see also Fed. R. Civ. P. 34, 37. Plaintiff's Motion to Compel and Motion to Extend the Discovery Deadline will be denied.

Defendants request an extension of time to file dispositive motions. Defendants' Motion is timely and supported by good cause. It will therefore be granted until March 14, 2019.

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Motion to Compel, (Doc. No. 62), and Motion to Extend the Discovery Deadline, (Doc. No. 65), are **DENIED.**

2. Defendants' Motion for Extension of Time to File Dispositive Motions, (Doc. No. 64), is **GRANTED** until March 14, 2019.

Signed: January 11, 2019

Frank D. Whitney
Chief United States District Judge